IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HERCULANO LUNA RUIZ | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| YSOD CORP. d/b/a TABOUN GRILL | ) |
| and SHAMIR OTANI, individually, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

Plaintiff, Herculano Luna Ruiz, by and through his attorneys, Becerra Law Group, LLC, for his Complaint against YSOD CORP. d/b/a Taboun Grill (herein after "Taboun Grill") and Shamir Otani, individually, states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA") and the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL"), for Defendants' failure to pay Plaintiff overtime wages.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §1331, arising under 29 U.S.C. § 216(b). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this judicial district as the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

## THE PARTIES

4. Plaintiff Herculano Luna Ruiz resides and is domiciled in this judicial district.

5. Plaintiff Herculano Luna Ruiz is a former employee of Defendants who was employed by Defendants in this judicial district. During the course of his employment, Plaintiff Herculano Luna Ruiz handled goods that moved in interstate commerce and performed non-exempt work.

6. Defendant YSOD Corp. d/b/a Taboun Grill is an Illinois corporation doing business within this judicial district. Defendant Taboun Grill is an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

7. Defendant Taboun Grill was Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. 203(d) and the IMWL, 820 ILCS 105/3.

8. Defendant Shamir Otani is the Secretary of Defendant Taboun Grill.

9. Defendant Shamir Otani is involved in the day-to-day business operations of Taboun Grill. Among other things, Defendant Shamir Otani has the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the corporation's checking accounts, including payroll accounts, and the authority to make decisions regarding employee compensation and capital expenditures.

10. Defendant Shamir Otani was Plaintiffs' employer as that term is defined by the FLSA, 29 U.S.C. 203(d) and the IMWL, 820 ILCS 105/3.

11. Upon information and belief, Defendant Shamir Otani resides in and is domiciled within this judicial district.

**FACTUAL ALLEGATIONS**

12. Defendants operate two restaurants featuring Israeli cuisine in Skokie, Illinois and

Northbrook, Illinois under the name "Taboun Grill."

13. The two restaurants identified above operate as a unified operation and a common enterprise with a common business purpose.

14. The restaurants share food, supplies, and employees.

15. Plaintiff worked at both locations and saw that the restaurants shared food, supplies, and employees.

16. Plaintiff was employed as dishwasher and busboy by Defendants from March 22, 2005 until March 24, 2015.

17. Plaintiff was a non-exempt employee.

18. Defendants managed Plaintiff's work, including the number of hours worked per day.

19. Throughout his employment with the Defendants, Defendants routinely and as a matter of practice and policy required the Plaintiff to work more than 40 hours per week, but then failed and refused to pay him the overtime premium rate (1 ½ times his regular rate of pay) for hours worked in excess of 40 hours per week.

20. During the seven day pay period starting on March 3, 2015 and ending on March 9, 2015, the Plaintiff worked a total of 67.75 hours and was paid his regular rate for all hours worked. Attached hereto as Exhibit A is Plaintiff's check stub issued by Defendants for the pay period ending on March 9, 2015 showing 67.75 hours worked and all paid at the same rate.

21. During the seven day pay period starting on May 20, 2014 and ending on May 26, 2014, the Plaintiff worked a total of 61.75 hours and was paid his regular rate for all hours worked. Attached hereto as Exhibit B is Plaintiff's check stub issued by Defendants for the pay period ending on May 26, 2014 showing 61.75 hours worked and all paid at the same rate.

22. During the seven day pay period starting on June 18, 2013 and ending on June 24, 2013, the Plaintiff worked a total of 56.5 hours and was paid his regular rate for all hours worked. Attached hereto as Exhibit C is the Plaintiff's check stub issued by Defendants for the pay period ending on June 24, 2013 showing 56.5 hours worked and all paid at the same rate.

## COUNT I
### Violation of the Fair Labor Standards Act - Overtime Wages

Plaintiff hereby realleges and incorporates paragraphs 1 through 22 of this Complaint, as if fully set forth herein.

23. This count arises from Defendants' violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*., for Defendants' failure to pay overtime wages to Plaintiff.

24. Plaintiff worked for Defendants and was an "employee" of Defendants as defined by Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1).

25. Defendants were Plaintiff's "employer(s)" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

26. During the course of his employment by Defendants, Plaintiff was not exempt from the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. § 207.

27. Plaintiff was directed by Defendants to work, and did work, in excess of 40 hours per week.

28. Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiff worked in excess of 40 hours, he was entitled to be compensated at a rate of one and one-half times his regular hourly rate of pay for all hours worked over 40.

29. Defendants did not compensate Plaintiff at a rate of one and one-half times his regular hourly rate of pay for time he worked in excess of 40 hours in individual workweeks.

4

30. Defendants' failure to pay Plaintiff overtime wages for time worked in excess of 40 hours per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

31. Defendants' failure and refusal to pay overtime wages for time worked in excess of 40 hours per week was a willful violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. A judgment in the amount of one and one-half times the Plaintiff's regular rate for all time worked in excess of 40 hours per week;

B. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C. Reasonable attorneys' fees and costs incurred in filing this action; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the Illinois Minimum Wage Law - Overtime Wages

Plaintiff hereby realleges and incorporates paragraphs 1 through 31 of this Complaint, as if fully set forth herein.

32. This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1367.

33. The matters set forth in this Count arise from Defendants' violation of the overtime compensation provisions of the Illinois Minimum Wage Law. 820 ILCS 105/4a. Plaintiff brings this action pursuant to 820 ILCS 105/12(a).

34. At all relevant times herein, Defendants were Plaintiff's "employer(s)" as defined in the Illinois Minimum Wage Law, 820 ILCS 105/3(c), and Plaintiff was Defendants' "employee" within the meaning of that Act.

35. During the course of his employment by Defendants, Plaintiff was not exempt from the overtime wage provisions of the Illinois Minimum Wage Law, 820 ILCS 105/4a.

36. Pursuant to 820 ILCS 105/4a, for all weeks during which Plaintiff worked in excess of 40 hours, Plaintiff was entitled to be compensated at one and one-half times his regular hourly rate of pay for time worked in excess of 40 hours per week.

37. Defendants failed to pay Plaintiff one and one-half times his regular hourly rate of pay for time worked in excess of 40 hours per week.

38. Defendants violated the Illinois Minimum Wage Law by refusing to compensate Plaintiff at one and one-half times his regular hourly rate of pay for all time worked in excess of 40 hours per week.

39. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover punitive damages in the amount of two percent (2%) per month of the amount of under payments.

WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

A. A judgment in the amount of one and one-half times the Plaintiff's regular rate for all time worked in excess of 40 hours per week;

B. Punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C. Reasonable attorneys' fees and costs incurred in filing this action; and

D. Such other and further relief as this Court deems appropriate and just.

Respectfully submitted,

Dated: April 14, 2014　　　　　　　　**HERCULANO LUNA RUIZ**


By: _/s/Carlos G. Becerra
　　Attorney for Plaintiff


CARLOS G. BECERRA (ARDC #6285722)
PERLA M. GONZALEZ (ARDC#6310896)
Becerra Law Group, LLC
332 South Michigan, Suite 1020

6

Chicago, Illinois 60604
Telephone: (312)957-9005
Facsimile: (773)890-7780
Email: cbecerra@law-rb.com
E-mail: pgonzalez@law-rb.com